# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JANE DOE on behalf of M.F.,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HARRIS COUNTY PRECINCT SIX** | § | **CIVIL ACTION NO. 4:19-cv-01297** |
| **CONSTABLE SYLVIA TREVINO,** | § | **JURY DEMAND** |
| **BRANDIN GLISPY, and HELIODORO** | § | |
| **MARTINEZ,** | § | |
| **In their individual capacities,** | § | |
| **HARRIS COUNTY, and THE LYND** | § | |
| **COMPANY,** | § | |
| *Defendants* | § | |
| | § | |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, Jane Doe on behalf and also known as M.F. ("Doe"[1])

in the above-styled and numbered cause, and files this, her Original petition,

complaining of Harris County Constables Sylvia Trevino ("Trevino"), and

Heliodoro Martinez ("Martinez") in their individual capacities and former Harris

County Precinct Six Deputy Constable, Brandin Glispy ("Gilspy"), in his individual

---

[1] Plaintiff M.F. a sexual assault victim who at this time wishes to remain anonymous, due to concerns for her health and safety wishes file this complaint as Jane Doe on her behalf and request leave of court to proceed as Jane Doe.

capacity and The Lynd Company ("Lynd") for cause of action would show as follows:

## I. INTRODUCTION

Former Juvenile Detention Officer and Harris County constable, sexually assaulted multiple women, including Pregnant woman during a traffic stop. He was hired by Constable Heliodoro Martinez, He remained on the job as a Deputy, or Constable Sylvia Trevino and worked as an off-duty officer for Lynd Property Management, each supervised and controlled him and was aware of the complaints by other women of sexual abuse, but failed to terminate or report him for his proclivities which allowed his spree to continue. Glispy's misdeeds were ultimately reported by his victim MF, herein, he tried and convicted of sexual assault and sentenced to 8 yrs in TDCJ. Glispy is one of two Harris County Precinct Six Deputy Constables recently accused of sexually assaulting a woman while acting under the color of law, Edward Joe Mata was the latest deputy indicted. The Plaintiff here has suffered extreme pain and suffering, and mental anguish as a result of the defendants actions, and inactions.

## II. JURISDICTION AND VENUE

1.      The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over the parties because Defendants are Texas residents.

2.      The venue is proper because all Defendants in this action are residents of Harris County, Texas or do business in this State.

3.      Venue is also proper because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district—i.e., at 5800 Martin Luther King  Drive, Houston, Texas 77021.  Therefore, venue is proper.

4.      All conditions precedent to filing this lawsuit have been met.

### III.    PARTIES

5.      The Plaintiff, M.F., Doe herein is an individual who resides in Harris County, Texas.

6.      Defendant, Sylvia Trevino was at all times relevant to this action the duly elected Constable of Harris County Texas. She was employed by Harris County as a Constable of the Harris County Constable's office. Defendant, Sylvia Trevino is sued in her individual capacity, acting under color of law.  Constable Trevino is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.   She is a county policymaker with respect to policies, custom, practices, and procedures at the Harris County Constable's Office.   Defendant, Harris County Constable Sylvia Trevino was acting in the course and scope of her employment with defendant, Harris county as a constable caused the injuries which

are the subject of the claim; She has been served with process and has appeared and answered.

7.      Defendant,  Harris County is a unit of local government organized under the laws of the State of Texas.  The defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law. Harris County with process and has appeared and answered by serving the duly elected County Judge of Harris  County, Lina Hidalgo, at, 1001 Preston, Suite #911, Houston,  Texas 77002.

8.      Defendant, Heliodoro Martinez is a former employee of the Harris County Constable, he is being sued in his individual capacity, as a  supervisor, who was acting in the course and scope of his employment with defendant, Harris County. He is an individual who while acting under color of law and acting in his individual capacity as a deputy constable and supervisor of Brandin Gilspy and acting in the course and scope of his duties caused the injuries which are the subject of the claim. Martinez has been served with process and has appeared and answered.

9.      Defendant, Lynd Company, is a management company that is located at 8000 INTERSTATE HIGHWAY 10 #1200 SAN ANTONIO TX; Defendant, Lynd Company has been served with process through its registered agent SECRETARY OF THE STATE, 30 TRINITY STREET, HARTFORD, CT 06106-1634, and has appeared and answered.

10.    Defendant, Brandin Glipsy is a former employee of the Harris County Constable, he is being sued in his individual capacity,  who was acting in the course and scope of his employment with defendant, Harris County. He is an individual while acting under color of law and acting in his individual capacity as a deputy constable caused the injuries which are the subject of the claim;  has been served with process  by serving the Warden's appointed designees at Texas Department of Criminal Justice, Dalhart, Texas:  by the Sheriff of Hartley, Texas P.O. Box 89 Hartley, Texas 79018 ( TDCJ #0228974)  facility, but has not appeared or answered.

## IV. FACTS

11.    The Plaintiff was a pregnant mother looking forward to the birth of her third child, when on or about April 24, 2017, at 9 pm a Harris County Precinct 6, Constable Brandin Glispy sexually assaulted the pregnant woman during the course of what was supposed to be a routine traffic stop in Houston Harris County, Precinct Seven.

12.    Constable Glispy was  on duty driving a marked patrol car with the insignia of the Constable office, acting under color of law.

13.    The driver, Jane Doe, was advised the reason or purpose for the traffic stop was she had a broken headlight.

14.     Glispy ordered the expecting mother to exit and stand outside of the vehicle in the 5800 block of Martin Luther King but eventually allowed her to leave without a ticket or warning.

15.     Precinct Six Constable Glispy then stopped her a second time but when he noticed other people milling about; he allowed her to continue on.

16.     He then stopped her for the third time and directed her to a dark secluded gravel lot next to an abandoned building.

17.     Concerned but wanting to comply with the officer's command; she pulled into the dark parking lot.

18.     The officer then used his constable vehicle to obstruct the view of the woman from the street traffic.

19.     He exited his vehicle wearing his full constable uniform, including his gun.

20.     Constable Glispy began to frisk the female detainee.

21.     He also requested she perform oral sex; however, she refused.

22.     He continued to grope her body then digitally penetrated her vagina.

23.     Shocked by what was happening to her she looked for a badge number or name but neither was visible.

24.     During the entire encounter, Glispy managed to conceal his name and badge number.

25.     After he finished assaulting Jane Doe, but before he allowed her to leave, he hand wrote his telephone number on a piece of paper from his constable notepad and provided it to the pregnant woman.

26.     Although she was upset, she gladly accepted his phone number for the purpose of identifying him later.

27.     She was allowed to leave without further incident.

28.     No arrest, no citation, no paperwork noting that the detention ever took place was done.

29.     The Plaintiff still in shock arrived home and immediately called 911 and reported the sexual assault to the operator.

30.     Deputy Glispy was arrested and later charged with sexual assault on July 5, 2017.

31.     At trial, a jury sentenced Glispy to eight years in prison.

32.     It took less than 3 hours for the jury to reach a verdict.

33.     According to prosecutors, Brandin Glispy assaulted at least two women in the six months he was on the job.

34.     There may be more women assaulted by Glispy since he worked at the juvenile detention center and for Houston Housing Authority, and he is a convicted sexual predator.

35. Gilspy had a reputation around Heatherbrook apartments where he held an off duty extra job assignment of sexually harassing female tenants.

36. Four months earlier in January 2017, the deputy cornered another woman in the restroom of a Popeye's chicken restaurant.

37. He sexually assaulted her, and then attempted to force his first known victim to perform oral sex, prosecutors said.

38. Then she was able to get away, and she testified against Glispy during the punishment phase of his trial for the sexual assault of the Plaintiff.

39. The first victim also reported his actions to Heatherbrook apartment management, Lynd.

40. Although the victim in the previous incident of sexual assault reported to Lynd management, nothing was done to Glispy; he was allowed to remain free and hunt for other victims.

41. The county inaction amounted to ratifying, accepting and condoning the criminal conduct of Glispy.

42. With a license to continue, Glispy sexually assaulted the pregnant, Plaintiff.

43. He remained on duty for three additional days after the last allegation.

44. Lynd Company assisted and acted in concert with Gilspy to conceal his sexual harassment and assault activities, thereby ratifying his conduct, and creating a danger to others, namely M.F.

45.     Defendants are jointly and severally liable for the injuries and damages sustained by the Plaintiff.

## V. BRANDIN GLISPY LIABILITY FOR CIVIL RIGHTS VIOLATIONS UNDER SECTION  1983

46.     Plaintiff incorporates herein the facts in the preceding numbered-paragraph four.

47.      Brandin Glispy while acting under color of law wearing his Harris County Constable issued uniform.

48.     Engaged in a traffic stop without first revealing to the citizen  the purpose for the stop, requesting identification or driver's license of the driver, insurance from the driver and issuing or not issuing a traffic citation or warning.  He was acting in in Glispy alleged  probable cause for the traffic stop was a broken tail light.

49.     While in his custody, armed with his service issue gun; Brandin Glispy detained Plaintiff and intentionally and with deliberate indifference penetrated the vagina of the pregnant, Plaintiff without her consent and knowingly violated her constitutional rights under the Fourth  Amendment.

50.      Glispy ordered Plaintiff to follow him in her car to an empty parking area where he forcefully digitally penetrated her vagina.[2]

---

[2] A peace officer commits a violation of civil rights if he "engages in sexual contact, sexual intercourse, or deviate sexual intercourse with an individual in custody." Tex. Penal Code Ann. § 39.04(a)(2) (Vernon 2003). Custody is defined as "the detention, arrest, or confinement of an adult offender." Id. § 39.04(e)(2).

51.     Glispy on duty acted in the course and scope of his employment as a Constable conducting a traffic stop.

## [3]VI. HARRIS COUNTY LIABILITY CIVIL RIGHTS VIOLATIONS UNDER SECTION 1983

52.     Plaintiff incorporates herein the facts in the preceding paragraphs.

53.     Harris County's failure to train,  or re-train its employees properly, failure to discipline its constables for engaging in sexual misconduct, sexual harassment, and sexual assault.

54.     Harris County through its deliberate conduct was the moving force behind the sexual assault and injury of Plaintiff.

55.     Harris County for the past 10 years, female victims of sexual assault in Houston and Harris County have been denied equal access to justice and equal protection of law. The women of Harris County have been failed by the people sworn to protect them — the government officials and actors who have instead disbelieved, dismissed and denigrated

---

[3] A person (ie. Glispy) commits an offense If:  (1) the person intentionally or knowingly  (A) causes the penetration of the anus or sexual organ of another person (Plaintiff) by any means, without that person's consent;  (b) A sexual assault under Subsection(a) (1) is without the consent of the other person (Plaintiff) if: (1) the actor compels the other person to submit or participate by the use of physical forces, violence or coercion; (2) the actor compels the other person to submit or participate by threatening to use force or violence against the other person (Plaintiff) or to cause harm to the other person and  the other person believes that the actor has the present ability to execute the threat and (8) the actor is a public servant who coerces the other person to submit or participate.

female victims of sexual assault, previously failed to have DNA evidence tested for years at a time, and refused to investigate or prosecute cases of sexual assault against female survivors.

## VII. RATIFICATION-HARRIS COUNTY

56.    Plaintiff incorporates herein the facts in the preceding paragraphs.

57.    Harris County fully investigated the sexual assault allegations of  Glispy, including the assault in January 2017 in the Popeye's restaurant, yet it did nothing to discipline any of their employees involved.[4]

58.    Despite certainly knowing of the outrageous behavior of Brandin Glispy sexually assaulting and stalking another female nothing was done to discipline anyone involved thereby constituting ratification of the actions and inactions.

## VIII. HARRIS COUNTY'S LIABILITY UNDER MONELL CLAIM, CUSTOM, POLICY, PATTERN AND PRACTICE

59.    Plaintiff incorporates herein the facts in the preceding paragraphs.

60.    Brandin Glispy committed the same type of wrongful sexual conduct and had the propensity for engaging in future sexual misconduct.

---

[4] A peace officer commits a violation of civil rights if he "engages in sexual contact, sexual intercourse, or deviate sexual intercourse with an individual in custody." Tex. Penal Code Ann. § 39.04(a)(2) (Vernon 2003). Custody is defined as "the detention, arrest, or confinement of an adult offender." Id. § 39.04(e)(2). Dickson v. State, 144 S.W.3d 61 (Tex. App., 2004)

61.     Harris County was informed of the previous sexual assault in the Popeye's Restaurant and did nothing to Brandin Glipsy in January 2017 when they were informed and placed on notice of the first sexual assault.

62.     Yet, Harris County did nothing to Brandin Gilspy; resulting in the additional sexual assaults. Harris County ratified and condoned the sexual conduct of Constable Glispy.

63.     Harris County has a custom, policy, practice, and procedure of:

   a.   condoning criminal conduct of its deputies including the stopping;

   b.   and   frisking of citizens, without probable cause or reasonable suspicion of a criminal violation of the law;

   c.   failing to adequately train;

   d.   failing to adequately re-train;

   e.   failing to regularly train in its constables in conducting traffic stops, permissible searches, and seizures, impermissible searches and seizures;

   f.   allowing deputies accused of sexual misconduct to continue to work as deputies.

   g.   hiring unqualified deputies and deputies with a propensity to violate Constitutional rights; and,

    h.  failing to have the proper policies in place to prevent the constitutional

        violations suffered by Plaintiff as herein described.

64.    There has been multiple instances of sexual misconduct by Harris County and the constables and deputies of the Harris County Constable's establishes that Harris County is legally responsible for the continuous conduct of Brandin Glispy.

65.    Conduct that Harris County was on notice of prior sexual assaults claims against its Constable Brandin Glispy.

## IX. HARRIS COUNTY CONSTABLE SYLVIA TREVINO'S SUPERVISOR LIABILITY

66.    Plaintiff incorporates herein the preceding facts in preceding paragraphs.

67.    The following acts or omissions of supervisor, Constable Sylvia Trevino violated The Plaintiff's constitutional rights:

68.    She participated directly in the alleged constitutional violation by failing to train and retrain her deputies authorizing the illegal traffic stop frisking of The Plaintiff;

69.    Constable Trevino failed to remedy the wrong after being informed of the prior violations by Glispy;

70.    She created promulgated a policy and custom under which unconstitutional practices occurred the stop and frisk in a routine traffic stop, the failure to train and discipline for sexual misconduct, or allowed the continuance of such a policy or custom;

71. Constable Sylvia Trevino grossly failed to adequately supervise subordinate, Brandin Glispy, who committed the wrongful acts including the traffic stop and frisk without the requisite level of reasonable suspicion, and resulting in the commission of the sexual acts; or

72. She exhibited deliberate indifference to the rights of the plaintiff by failing to act on information indicating that unconstitutional acts were occurring specifically, information of the prior sexual assault of the first female victim by Harris County Constable Brandin Glispy at the Popeye's Restaurant, in January 2017, resulting in the subsequent sexual assault of the Plaintiff.

## X. HARRIS COUNTY CONSTABLE HELIODORO MARTINEZ' SUPERVISOR LIABILITY

73. Plaintiff incorporates herein the facts in the preceding paragraphs.

### *Failure To Train, Retrain or Discipline and Supervisor Liability*

74. Martinez as policymaker and supervisor of Defendant Gilspy failed to provide the proper training to the deputy personnel is actionable as the cause of harm to the plaintiff. A municipality's policy of failure to train" his personnel can give rise to liability under 42 U.S.C. § 1983.52.

75. Plaintiff incorporates herein the facts in preceding paragraphs.

76. The following acts or omissions of his immediate supervisor, Harris County Constable Heliodoro Martinez violated Mrs. The Plaintiff's constitutional rights:

77.     He participated directly in the alleged constitutional violation by failing to adequately train, regularly train, failure to hire qualified constable;

78.     Failed to remedy the wrong after being informed of the violation  prior violations, involving sexual assaults by Constable Glispy, including one in January 2017;

79.     Constable Martinez created a policy or custom under which unconstitutional practices occurred  the stop and frisk in a traffic stop without any reasonable suspicion or probable cause for the stop,

80.     The failure to train and discipline for sexual misconduct), or allowed the continuance of such a policy or custom;

81.     Constable  Heliodoro  Martinez  was  grossly  negligent  in  supervising subordinates (Brandin Glispy) who committed the wrongful acts; or

82.     He exhibited deliberate indifference to the rights of the plaintiff by failing to act  on  information  indicating  that  unconstitutional  acts  were  occurring   prior violations, involving sexual assaults by Constable  Glispy, including one in January 2017;

83.     Constable Martinez failed to remedy the wrong after being informed of the prior violations, involving sexual assaults by Constable  Glispy, including one in January 2017;

84.    He created a policy or custom under which allowed the unconstitutional practices occurred the stop and frisk in a traffic stop without any reasonable suspicion or probable cause to frisk a female detainee, as a male officer, the failure to train and discipline for sexual misconduct, or allowed the continuance of such a policy or custom;

85.    The actions of each Defendants was the 'moving force' behind the constitutional violation suffered by Plaintiff.

## XII. LIABILITY OF LYND COMPANY NEGLIGENCE/GROSS NEGLIGENCE

86.    Plaintiff incorporates herein the facts preceding paragraphs.

87.    Defendant, Lynd Company had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to the facts described herein.

88.    The Plaintiff injuries were proximately caused by the Defendant's negligent, careless, reckless and outrageous behavior of its agent Benita Albert.

89.    Lynd Company assisted and acted in concert with Glispy to conceal his sexual harassment and assault activities, thereby ratifying his conduct, and creating a danger to others, namely M.F.

90.    Benita Albert an agent of Lynd Company tasked with the responsibility of managing Heatherbrook apartment was aware of Gilspy's abhorrent behavior but did nothing to stop it, prevent it, or report it. Lynd assisted him a by concealing his

predatory actions after her tenant, Ms. Regains reported him to her management company employee Albert.

91.     Lynd owed a duty to the general public including the Plaintiff to warn about its off duty officer's criminal behavior.

## XIII. DEMAND FOR JURY TRIAL

92.     Plaintiff hereby demands a trial by jury pursuant to FRCP 5(d) and 38(b).


## XIX. REQUEST FOR DISCLOSURE PURSUANT TO  FED. R. CIV. PROC.

93.     Plaintiff seeks disclosures from each defendant in this case.


## XX. DAMAGES

94.     As a result of Defendant's conduct, Plaintiff seeks relief for damages which includes, but is not limited to: (1) compensatory damages, actual damages, general damages against each Defendant, jointly and severally, in the amount proven at trial.

95.     Plaintiff seeks   (2) punitive damages as allowed by law, (3) court costs, expenses, expert witness fees, and attorney's fees under Texas Civil Practice and Remedies Code and 42 U.S.C.  §§ 1988 and 1983; (4) prejudgment and post-judgment interest as allowed by law; and (5) such other relief, legal or equitable, as may be warranted or to which Plaintiff is entitled.

96.     Harris county be made to apologize and to promulgate, adopt, train, maintain

and enforce appropriate policies to prevent future instances of the type of sexual

misconduct described herein; (6) Mental Anguish suffered by The Plaintiff during

the sexual assault until the present; (7) Mental Anguish sustained by Plaintiff's

children as a result of the sexual assault of his daughter including, but not limited to

pain, the emotional pain, torment, and suffering that Plaintiff, would, in reasonable

probability experience from the incident.

97.     Physical pain and suffering sustained by The Plaintiff from the time of the

sexual assault to its conclusion;

98.     Reasonable and necessary medical expenses, from the time of the incident.

## XXI. PUNITIVE DAMAGES

99.     Plaintiff request punitive damages against Harris County Constable, Sylvia

Trevino, Brandi Gilspy, Heliodoro Martinez, Lynd Company in amount be

determined at trial; Punitive damages based on the willful, reckless and malicious

conduct of defendants. The acts were done recklessly or with callous indifference to

the constitutionally protected rights of Plaintiff.

100.    Plaintiff sexual assault   resulted from   the joint and several acts of

Defendants for which Plaintiff seeks punitive damages from Harris County, Harris

County Constable, Sylvia Trevino   in an amount appropriate to punish each

individual Defendant, and deter others from engaging in similar conduct; Award

punitive damages against Sylvia Trevino, Harris County Constable and Harris County and Lynd Company in an amount shown at trial.

## XIII.  PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

101.    Plaintiff sent a letter of preservation on or about March 14, 2019, and hereby request and demand that Defendant's preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom. Failure to maintain such items shall constitute a "spoliation" of the evidence.

## XIV.   TOLLING PROVISIONS

102.    Tolling of the statute of limitations is required. Plaintiffs seek to plead any applicable tolling provisions against any defendant that might assert a bar to suit based on limitations and conduct discovery on any defense of limitations including, but not limited to, Tex. Civ. Prac. & Rem. Code §16.062.

## XV.   PRAYER

103.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully pray that Defendants Brandin Glispy, Sylvia Trevino, Heliodoro Martinez, Harris County Constables, appear and answer herein, and that upon a final hearing of this case, that judgment be entered for the Plaintiff and against Defendants, both jointly and severally, for all damages requested herein, together with prejudgment and post-judgment interest at the maximum rate allowed by law, attorney's fees, costs of

court, and such other and further relief to which Plaintiff may be entitled at law or in equity.

104.    Punish each individual Defendant, and deter others from engaging in similar conduct;

105.    Plaintiff asserts that her sexual assault  was the result of government actors, Sylvia Trevino, Brandin Glispy, Heliodoro Martinez, Harris County Constables, Harris County and its Policymakers and the  harm suffered was the result of Defendants' willful, reckless, malicious conduct motivated by evil motive or intent, or done recklessly or with callous indifference to the constitutionally protected rights of Plaintiff, and hereby entitles Plaintiff to punitive/exemplary damages. Equitable relief, including, without limitation, that Harris County and Constables Trevino, Glispy and Martinez be made to apologize and to promulgate, adopt, train, maintain and enforce appropriate policies to prevent future instances of the type of sexual misconduct described herein; Such other relief, including injunctive and/or declaratory relief, as the court may deem proper.

Respectfully Submitted,
The Lewis Law Group, PLLC
By: /s/ U.A. Lewis
U.A. Lewis
State Bar No. 24076511
P. O. Box 27353
Houston, TX 77227
Email: myattorneyatlaw@gmail.com
Attorney-in-charge

/s/*Debra V. Jennings*
Debra V. Jennings
SBN: 10631850
Law Office of Debra V. Jennings
Debra V. Jennings
6140 HWY 6, # 269
Missouri City, Texas 77459
Telephone (832) 230-4455
Facsimile: (832) 230-4452
Email: lawyerdvj@yahoo.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to all the following counsel of record in accordance with the District's ECF service rules on this 14th day of May 2019.

/s/U.A. Lewis
U. A. Lewis