United States District Court
Southern District of Texas
**ENTERED**
March 22, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANE DOE, *on behalf of* M.F., | § § § | CIVIL ACTION NO 4:19-cv-01297 |
| Plaintiff, | § § § | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| HARRIS COUNTY PRECINCT SIX CONSTABLE SYLVIA TREVINO and BRANDIN GLISPY, Defendants. | § § § § § § § | |

**ORDER GRANTING
MOTION FOR SUMMARY JUDGMENT**

The motion by Defendant Sylvia Trevino for summary judgment is granted. Dkt 77. All other motions are denied as moot. See Dkts 76 & 81.

1. Background

This action for violation of civil rights arises from the sexual assault of Plaintiff Jane Doe by Defendant Brandin Glispy in April 2017. Glispy was then a sergeant for Harris County Precinct Six. He allegedly assaulted another woman several months earlier in January 2017. Defendant Sylvia Trevino was serving as constable for the precinct at these times.

The details of Doe's sexual assault by Glispy aren't in dispute. While on patrol the night of April 24, 2017, Glispy stopped Doe three separate times, purportedly for a broken headlight. Glispy directed Doe on the third stop to a dark and secluded parking lot, where he sexually assaulted her.

The assault began on the pretext of a pat-down search. See Dkt 77-11.

Doe testified in her deposition that she reported the sexual assault to "law enforcement or 911" when she returned home that night. Dkt 77-10 at 3. The Houston Police Department arrested Glispy a short time later and opened an investigation led by Detective Latonia Bailey. See Dkts 77-11, 77-12 & 90, Ex 4 at HC 1293. Precinct Six was also informed of the allegation against Glispy. Its Internal Affairs Division conducted a separate investigation led by Sergeant Paul Fernandez. See Dkts 77-12 & 90, Ex 4 at HC 1273. Trevino suspended Glispy within a day of the assault and terminated his employment within three days. Dkt 77-6 at 14–15.

HPD's criminal investigation culminated in Glispy's conviction in state court in 2018. He was sentenced to eight years imprisonment. See Dkt 90, Exs 3 & 4 at HC 1297. He's still serving his sentence and hasn't appeared in this matter.

Glispy allegedly sexually assaulted a different woman, identified as D.R., in January 2017. The HPD report on Glispy's assault of Doe indicates that Glispy first met D.R. while patrolling Heatherbrook Apartments as an off-duty officer and later assaulted her in the restroom of a nearby Popeye's restaurant. See Dkt 90, Ex 4 at HC 1277–1278.

The parties dispute when Precinct Six became aware of this other alleged assault. Trevino testified in her deposition that she didn't learn of the allegation until after she learned of Glispy's assault of Doe. Dkt 77-6 at 8. Fernandez also so testified. Dkt 92-1 at 8:9–10. Doe has submitted several items of evidence—subject to objections by Trevino addressed below—to call that testimony into question. These include:

- o *First,* the HPD report by Detective Bailey, which contains notes from an interview with Sergeant Fernandez. There, Fernandez reportedly said that he received a similar allegation against Glispy from a third party in

- January 2017 and tried but failed to "reach out to the alleged complainant." Dkt 90, Ex 4 at HC 001273.
  - *Second,* deposition testimony by D.R. in her civil lawsuit, which indicates that the assault may have been reported to and investigated by Precinct Six before April 2017. Dkt 90, Ex 5 at PDF 8, 13.
  - *Third,* testimony of Detective Bailey from Glispy's criminal trial, in which Bailey confirms that she learned through her investigation that a complaint had been made to Precinct Six in January 2017. Dkt 90, Ex 5 at PDF 29, 56.
  - *Fourth,* the statement by Michael Pappillion, a former lieutenant for Precinct Six. He says that an allegation of assault against Glispy was discussed at a command-staff meeting that both he and Trevino attended in March 2017. Dkt 90, Ex 8.

Precinct Six policy and related testimony also suggests that, if any report of sexual assault had been made to Precinct Six, then Trevino would have been made aware of it. The policy states, "The Office of Internal Affairs will immediately notify the Constable of serious complaints or a pattern of complaints against the Agency or its employees," such as a complaint of "sexual harassment." Dkt 77-13 at 2. And Fernandez at his deposition testified, "Any allegation regarding an employee would be told to [Constable Trevino]." Such complaints, he said, go "to her first." Dkt 92-1 at 14:14–15.

Jane Doe sued Glispy for the sexual assault. She also sued several others for (in essence) failing to prevent it. Dkt 16. These included Harris County, Constable Trevino, former Constable Heliodoro Martinez, and the Lynd Company (which manages the Heatherbrook Apartments). The claims against Martinez, Harris County, and the Lynd Company were dismissed early in this action. Dkt 54. That

3

leaves only the claims brought against Glispy and Trevino under Section 1983.

Trevino now moves for summary judgment on the claim against her, which proceeds on a supervisory-liability theory. She asserts qualified immunity. Dkt 77. Doe and Trevino each also object to each other's summary-judgment evidence. See Dkts 86 at 4–5 & 94. There are also separate motions to exclude each other's expert witnesses. See Dkts 76 & 81.

### 2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics Inc v Oregon Cardio-Devices Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2020). Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs LLC v Haydel Enterprises Inc*, 783 F3d 527, 536 (5th Cir 2015); see also *Celotex Corp v*

*Catrett*, 477 US 317, 322–23 (1986). But when a motion for summary judgment by a defendant presents a question on which the plaintiff bears the burden of proof at trial, the burden shifts to the plaintiff to proffer summary judgment proof establishing an issue of material fact warranting trial. *Nola Spice,* 783 F3d at 536. To meet this burden of proof, the evidence must be both "competent and admissible at trial." *Bellard v Gautreaux*, 675 F3d 454, 460 (5th Cir 2012).

Important here, a "good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available." *Valencia v Davis*, 836 F Appx 292, 297 (internal quotations omitted); see also *Batyukova v Doege*, 994 F3d 717, 724. To rebut the defense, the plaintiff must establish "that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Valencia*, 836 F Appx at 297, quoting *King v Handorf*, 821 F3d 650, 654 (5th Cir 2016).

3. Summary judgment evidence

The Fifth Circuit holds, "Generally, the admissibility of evidence on a motion for summary judgment is subject to the usual rules relating to form and admissibility of evidence." *Munoz v International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada*, 563 F2d 205, 213 (5th Cir 1977) (citation omitted). "The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." *Smith v Palafox*, 728 F Appx 270, 275 n 3 (5th Cir 2018) (quoting advisory committee note to 2010 amendment to Rule 56).

Trevino objects to all evidence that might suggest she was aware of the January 2017 sexual assault of D.R. before the April 2017 assault of Doe. Dkt 94. This includes:

- *First,* the HPD incident report containing the statement by Fernandez. Trevino objects on the grounds that it contains hearsay within

5

- hearsay and isn't properly authenticated. Id at 10–12.
  - *Second,* the deposition testimony by D.R. in her state-court lawsuit. Trevino objects on the grounds that it wasn't produced before discovery closed, D.R. wasn't timely identified as a person likely to have discoverable information, and the deposition isn't a part of the record of this case. Id at 8–9, 12–14.
  - *Third,* the trial testimony by Detective Bailey in Glispy's criminal case. Trevino objects on the same grounds as the deposition testimony. Id at 8–9, 14.
  - *Fourth,* the statement by Pappillion. Trevino objects on the grounds that it isn't properly verified, wasn't produced before discovery closed, and contains both hearsay and statements not based on personal knowledge. Id at 8–9, 14–20.

Given the proponent's burden, courts routinely sustain objections to summary-judgment evidence when the proponent fails to respond. See *Sivertson v Citibank*, 2019 WL 2519222, *5 (ED Tex) (collecting cases). Quite problematic here, then, is the fact that Doe hasn't responded to any of these objections filed months ago. Her counsel has thus waived opposition to these objections and otherwise has failed to show that the subject evidence is admissible. See ibid. In addition, the factual contentions and legal arguments within Trevino's brief on objections are entirely unrebutted. They are thus assumed to be valid.

Trevino's objections are sustained for the reasons stated in her brief and due to Doe's failure to respond and oppose. Dkt 94. The exclusion of these items of evidence means summary judgment will be granted in favor of Trevino, as discussed next. Doe's objections to Trevino's evidence and the pending motions to strike needn't be considered.

4. Analysis

Trevino contends that she's entitled to qualified immunity as against Doe's claims against her. Dkt 77. Analysis of qualified immunity on summary judgment proceeds on two prongs. See *Aguirre v City of San Antonio*, 995 F3d 395, 406 (5th Cir 2021); see also *Batyukova*, 994 F3d at 724–25 (5th Cir 2021). A court must first ask "whether the facts, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a federal right." *Aguirre*, 995 F3d at 406, quoting *Tolan v Cotton*, 572 US 650, 655–56 (2014). If the plaintiff establishes a violation of a federal right, a court must then determine whether the right was "'clearly established' at the time of the violation." *Tolan*, 572 US at 656, quoting *Hope v Pelzer*, 536 US 730, 739 (2002).

The ruling above makes clear that Doe lacks admissible evidence demonstrating that Trevino violated a federal right. As such, only the first question need be addressed.

a. Failure-to-act claim

Doe's primary allegation is that Trevino failed to discipline or supervise Glispy after having learned of a prior sexual-assault allegation against him, and that her failure to do so resulted in Doe's assault. Trevino argues in reply, "There is no competent summary judgment evidence that Trevino had any personal knowledge that Glispy had sexually assaulted other women prior to Plaintiff or that he would sexually assault Plaintiff when he pulled her over for a traffic stop." Dkt 92 at 4–5. As a result, she argues, Doe can't show that Trevino acted with deliberate indifference to her rights, as necessary for a supervisory-liability claim.

This is correct. "In order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor acted, or failed to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Peña v City of Rio*

7

*Grande City*, 879 F3d 613, 620 (5th Cir 2018) (cleaned up). Deliberate indifference is "a stringent standard of fault," one requiring proof that a municipal actor "disregarded a known or obvious consequence of his action." *Porter v Epps*, 659 53d 440, 446 (5th Cir 2011) (citation omitted).

Doe argues that a genuine issue of fact exists as to whether Trevino disregarded a known or obvious risk of failing to discipline or supervise Glispy. See Dkt 86 at 12–13. But this argument depends entirely on whether Trevino learned of the sexual assault that Glispy allegedly committed against D.R. before she learned of the assault he committed against Doe. And in this respect, Doe points only to the comments by Fernandez contained in the HPD report. That report is inadmissible, however, given Doe's failure to take issue with Trevino's objections to it. All other evidence potentially suggesting that Trevino was aware of the earlier allegation has been ruled inadmissible for the same reason.

As a result, Doe proffers no admissible evidence to support a conclusion that Trevino knew of the alleged prior assault before April 2017. Nor does she identify any other evidence indicating that it would have been obvious to her that Glispy was at risk of sexually assaulting a woman in the course of his employment.

All of this together means that Doe can't support her assertion that Trevino acted with deliberate indifference in failing to train or supervise Glispy.

Summary judgment will be granted on this claim.

  b. Stop-and-frisk claims

Doe also claimed in her complaint that Trevino failed to train deputies regarding stop-and-frisk practices during traffic stops, and that she "promulgated a policy and custom under which unconstitutional [stop-and-frisk] practices occurred." Dkt 16 at ¶¶ 68, 70. Trevino moves on these claims in her motion. Dkt 77 at 14–17. Doe doesn't address them in response. See Dkt 86. Nor does she offer any evidence indicating that Trevino failed to train

deputies on stop-and-frisk policies or promulgated a policy that resulted in unconstitutional behavior by deputies.

Summary judgment will be granted on these claims.

### 5. Conclusion

The objections by Defendant Sylvia Trevino to the summary judgment evidence submitted by Plaintiff Jane Doe are SUSTAINED. Dkt 94.

Trevino's motion for summary judgment is GRANTED. Dkt 77.

All other pending motions are DENIED AS MOOT. See Dkts 76 & 81.

Upon entry of this order, only the claim against Glispy will appear to remain. If Doe wishes to seek entry of default against him, she may do so on appropriate motion.

SO ORDERED.

Signed on March 22, 2023, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge